24-5091. Mr. Kamak. Good morning. May it please the court. My name is Chance Kamak and I represent Brian Kamak. Mr. Doty is sexually abusing his half-sister beginning when he was 22 years of age and she was 14. And that conduct continued for approximately eight years. The main issue in this case is pretty straightforward. It's whether the 96-month sentence, which was the result of a nine-level upward variance, was substantially unreasonable. The crux of our argument is that the district court failed to adequately explain the reason for the large upward variance. Now that sounds like a procedural reasonableness challenge. Yes, Your Honor. And I expected this. In your dissent in Barnes, you talk a lot about the difference between the procedural reasonableness and substantively. And I do think that a majority of the opinions say that there is a blurred line between those two, especially when it comes to the explanation given for that sentence. And I think that's what occurred here. The court went through all the factors and said all the right things, but then failed to explain the reasoning for that large increased variance. And I think that's why the sentence is substantively unreasonable. In announcing the sentence, the court focused almost exclusively on the nature and circumstances of the offense. In doing so, the court left out the history and characteristics of Mr. Doty and failed to consider what was in a large part mitigating evidence for this crime. Well, counsel, on history and characteristics, didn't the court say, and I'm quoting, that it, quote, considered the defendant's lack of criminal history and his personal characteristics, and also said that Mr. Hardy, quote, has a history of suicidal ideation and depression. Wouldn't that come under the category of history and characteristics? It would, Your Honor. And I agree the court did say that. But I think the large upward variance in considering that, there's not a reasonable explanation for that. And also, the way I read when the court announced that he has the suicidal ideation and the depression, it almost punished him for that. Well, now, I understand. But on the one hand, you're saying that it didn't consider history and characteristics, but the statements indicate that it did. Well, I think the statement said that, but it's not in whether or not the court just stated that it considered it. It's what the explanation was. And I think, you know, United States v. Gall has said that a large, a significant variance from the guideline range requires significant justification. And I think that glossing over all that mitigating evidence that was presented in court resulted in the unreasonable sentence. Would it have been enough if the court said, this was really horrendous, all this lengthy threatening harassment, sexual conduct with this child, that just overwhelms everything else? What if the judge had said that? Would that have been enough? I still think that the court needs to explain each factor. Why? Well, I mean, this case, he's saying, is really different from the usual cases that get the guideline treatment. And what more can you say? That's clearly what he was thinking. I agree that that's what's the problem. But what more can, does the judge have to say when it's fairly apparent on the record what was motivating the judge? And Judge, I would agree with you. And I think if a guideline sentence or maybe a slight upward variance had been imposed, but this was a significant variance. It was almost three times the low end of the guideline range. The court didn't consider other things. It didn't consider the sentencing disparity that was going to be created by this. If you look at the JSON data, this sentence was almost three times that of the national average. But the court said that Mr. Doty was not part of the mine run of similarly situated defendants. Doesn't that go to disparity? It would if the judge explained that. Well, that is the explanation. He described the offense and said, this isn't the standard offense. This is in a different category altogether. So you can take whatever data is out there, and maybe it isn't the average sentence. But the reason we have an average is that some sentences are below and some sentences are above. And he said, look, this isn't the mine run of similarly situated defendants. Why isn't that enough? Because I don't think the court explained what those other cases implied and how they were different than this case. Really? How is the court supposed to do that? Is the court supposed to go out and find cases and give facts of each one and say, well, that's why this one is different? I think the court, in this case, if they're going to impose a sentence that's this substantially more than yes, I think that's a pundit on the court. Isn't the bottom line whether the variance is manifestly unreasonable? How is this sentence manifestly unreasonable? You know, I think there's a, I think it's manifestly unreasonable because of the lack of explanation for the sentence. The focus on this conduct to the court was so egregious. But the court focused on that. Well, so I'm back to where Judge Bacharach started. Explanation. Why isn't that procedural reasonableness? Why isn't that a procedural reasonableness argument? And the explanation? Isn't that what we've said in prior cases like Lente? There we found the explanation not reasonable, but it wasn't a substantive reasonableness disposition. It was a procedural reasonableness disposition. Your Honor, I would disagree. I think in almost all the cases that deal with— What about Lente? Have you read Lente? Yes. That was not a substantive reasonableness disposition. It was procedural because of explanation on disparity. But I— Isn't that controlling here? It was a disparity case. I would say that the way we frame the argument is a substantive reasonableness. I know you framed it that way, but why is that a correct framing if it's an explanation argument that you're making? I think in the cases since that, including the cases I've cited in United States v. Cookson— Isn't that what our earlier precedents control? Isn't that the rule in the Tenth Circuit? Well, but there's this—when you get to the explanation, the courts are clear that there's this blurred line between procedural and substantive. There's a blurred line, and it's your job and it's our job to figure out which side of the line it's on. I mean, the Supreme Court in Gall and other cases have made very clear that there's procedural reasonableness and there's substantive reasonableness. And even though the procedure-substantive distinction is challenging, not only in this context but in a lot of others, we still try to work with it. And that's what we're trying to do here. I do, and I think you can frame the argument in both ways, and the case law suggests that when it comes to the explanation of decisions— Well, but if you can frame it both ways, what's the point in even having the distinction? Well that's why the line is blurred, Your Honor. No, the line is still the line, and it's there and the Supreme Court drew it. Well, that may be so, but the case law has stated numerous times in this instance that that's—they can frame them either way, between procedural and substantive. Really? Give us a couple of examples. I know there are a couple of cases that have said the line is blurred, but you seem to think that most of our cases say that. Is that correct? Do I? I do believe that most of the cases say that. In this instance— Why don't you give us a couple of examples of where we've said that? The cases that I've cited that deal with these large variances, United States v. Cookson— Other than Cookson and Crosby, what have you got? Barnes, those are the big ones that I have. Have you got anything else? Off the top of my head, no, I don't, Your Honor. I mean, I think Gall even talks about both the procedural and substantive reasonableness, and it— Specifically says that explanation is procedural, does it not? It says—Gall states that determining whether sentences were substantively reasonable, we must consider the district court's explanation for the extent of the variances. But the failure to explain is a procedural error. Doesn't it explicitly say that? It does also say that, Your Honor. But let me—say it is a procedural reasonableness. The explanation depends on what the facts are and how clear it is what the judge was thinking. Now, maybe we would disagree, and that would be a substantive reasonableness decision. But it seems to be very clear what the judge was thinking, that this—these aspects were so unusual that that accounts for the disparity, and these are really awful and deserve a much longer sentence. I don't know—I don't think it's—it helps explain things by his saying everything that wasn't important or everything that paled in significance to that. I don't—I'm pretty comfortable that the judge explained why the sentence was—tell me what I'm missing there. That would really make a difference. Because I—I think the judge focused only on the nature of the offense and left out all the mitigating things that would support a guideline sentence in this case. And I think that that's why this is an unreasonable sentence, because it just became hyper-focused on— Right, because he's saying everything else is within— But those things do matter. Yes. The statute requires us to consider them. And then there's this one of the factors makes it go way up. I think that's what he's saying. And the other things are important. I don't know. Well, but that wasn't explained in reaching the sentence. Is that the point? Is that the point? Crosby is dealing with a five-day time served sentence for a gentleman that had 14,000 files of child pornography. Yes, Your Honor. Cookson was a situation in which the panel and Crosby had relied, also involved an extraordinarily lenient sentence for the possession of child pornography. My understanding of Cookson and Crosby, and I'm saying it so you can tell me where I'm wrong, is to say in these gray areas, it doesn't really matter how a judge explains it. It's binary. It's either substantively unreasonable, it's an abuse of discretion, or it's not. When there is an extraordinary downward variance or an upward variance that would ordinarily strike anyone as facially unreasonable in those situations— and I was a minority opinion in Barnes, but I thought that that was the case in Barnes. That view was contrary to the majority. But in a situation where there is just, as Judge Hart says, just an extraordinary factor that dwarfs all of the other factors, say a trespass conviction for entering the federal courthouse, the Byron White courthouse, without permission, and there's an extraordinary upward variance because it wasn't just trespass, the person that came in with an AK-47 and was planning to shoot everybody in the Byron White courthouse, it might be ridiculous to say, okay, well, what were the mitigating factors? The seriousness of the offense, the offense conduct, clearly made it an upward variance substantively reasonable. Is that the point, that when Crosby and Cookson, you know, recognizing the importance of an explanation might make sense when a good explanation would fill in the gaps for what would not otherwise be readily apparent to an onlooker? Well, Judge, but I would say that the judges in both Crosby and Cookson did feel like those sentences were reasonable. So, I think you get the same issue here that, well, outside— I think you may have misspoken. Well, the sentencing judges thought in Crosby and Cookson that those sentences were reasonable, right? Based on those factors, and they focused almost exclusively on the history and characteristics of those defendants dealing with rehabilitation and those issues. And so, onlookers might think that those sentences were unreasonable, but those judges didn't, but it was a failure to explain because they were so— The sentencing judges thought that, but clearly Judge McCube in Crosby didn't think that the judge explained any of those factors. Well, I agree, but it was the lack of explanation was the reason. I see. I believe I've expired my time. And we've got three substantive reasonableness cases on our dock today, so we'll be very educated by the time we conference. Thank you, Your Honor. This court should affirm the district court's sentence—I'm sorry, Your Honor, please the court. My name is Stephen Brighton for the United States. I got too excited. This court should affirm the district court's sentence because it was well within the bounds of permissible choice in this case, and the court adequately explained its reasons for giving the sentence that it did. Likewise, this court should affirm the district court's application of the Supreme Court's   material prohibition because while the court plainly erred by making sufficient factual findings that were tied to the case, the record itself shows the condition will meaningfully assist in deterring criminal conduct by the defendant and rehabilitating him. On the issue of substantive reasonableness that the court talked about with my colleague, in this case, the court, in addition to what you have already talked about, took significant testimony from an evaluator presented by Mr. Doty about essentially his history and characteristics. The court noted after hearing that testimony that it considered it informative, so the statements that Judge Matheson talked about are kind of further clarified by the fact that when the court's saying they took the history and characteristics into account, it's also taking into account that significant testimony about the defendant's risk, the you know, this court just very recently in Hearst considered a much larger upward variance in a case, varied up about 100 months from the minimum, or excuse me, the bottom end of the guidelines, and you know, this is a much lower variance than that. It's a variance of about 50 months, and there's just nothing in this court's history that would show that 50 months is such an extraordinarily unreasonable upward variation that the court needs to go above and beyond its normal duties to explain its sentence. But even so, in this case, the court did explain that the issue was the daily abuse that happened when she was a minor and it continued for eight years that, you know, while Mr. Doty on appeal minimizes his conduct sum, in the sentencing hearing, in his colloquy, Mr. Doty admitted that he controlled who the victim was allowed to see, who the victim was allowed to have friends with, what the victim was allowed to wear, and he described himself as controlling and hateful. Let me, can I play devil's advocate with what you're saying? You know, we do have cases, Cookson, Walker, Crosby, where when the government has appealed a sentence as substantively unreasonable as too lenient, we have recognized a substantive reasonableness and reversed lenient sentences based on our view that the leniency was shocking. On the other hand, why isn't it what's good for the goose is good for the gander that when Judge Hill says, well, I, Judge Hill, view what he did to this girl, whether it was consensual in part, non-consensual in part, her subjective perception of the gravity of what happened would justify a remarkable over two to one variance from the upward cap of the guideline range. Why isn't it a fair application of Gaul when you have a significant upward variance to require some explanation? Why isn't it on its face shocking? After all, that's the whole purpose of the guidelines. And when, you know, now we have precedent like in Valdez that says, well, statistics are just statistics. But on the other hand, what meaningful review is this court to undertake with regard to the severity, challenges to the severity of the sentence? It seems to us that we are, to affirm this substantive reasonableness challenge is to say, well, we trust Judge, you know, we'll just defer, we'll abdicate our responsibility to Judge Hill. She thinks it's really severe, the gravity of the conduct. We may or may not agree, but we'll just abdicate that role to her. Your Honor, if it was a case where the district court judge said almost nothing to back up, you know, a variance that the court did find shocking, then obviously both directions, the judge would need to provide that same level of explanation. Here, you know, the court talks about how this separates from the mind realm of similarly situated defendants. You know, he was given a five level enhancement for a pattern of conduct. Well, to get that enhancement, you have to have committed at least two separate acts of child sexual abuse. The defendant here committed sexual acts almost daily for the course of eight years. And so the conduct here, you know, while the guideline itself may recommend a certain sentence, it can't take into account all the variances inside a case that may or may not directly affect the guideline. And here, there's significant ones. A 2243A case does not necessarily involve acts of violence. In this case, it's uncontested in the PSR that when the victim was 15 years old, he coerced her into having anal sex. And when she asked him to stop because it hurt, he didn't stop. The guideline's not catching that information. If I understand you correctly, you could be responding to Judge Backrack by saying, we don't just defer to the judge. There's still got to be a good reason. And we do, the appellate court does have a role in saying, sorry, we don't buy that. This was not so much worse. Yes, Your Honor. You're not disagreeing with him that we shouldn't just say, well, the trial judge thought it was horrendous. So we'll affirm. We've got to review either the trial court's reasoning or the record to see whether we can see anything horrendous there. Don't you? You agree on that, don't you? I do agree, Your Honor. Could I ask you about the psychosexual evaluation report? One part of it said that Mr. Doty is at low risk to re-offend. Did the district court say anything about that? It did not. And if it didn't, would its failure to say anything about that make it difficult for this court to engage in meaningful review of substantive reasonableness? Your Honor, while it didn't address it, the court, the district court, isn't necessarily required to articulate every single fact that's presented to it and how that fact either mitigates or exacerbates the defendant's culpability. The court said that it considered that testimony, that it considered it informative, and then considered the history and characteristics. That shows that the court gave it some weight, whatever weight it deemed was appropriate. As the government also noted in the cross-examination of this expert, the tests that led to these results were simple self-report tests. The defendant's statements himself, essentially that he had no insight into the fact that he had done anything wrong. He had no desire to engage in treatment at all. That he has a distorted view of sexuality, relationships, and appropriate boundaries, and that he's sexually obsessed. Those would all perhaps cut against a finding solely on self-report questions, that there's not a very high risk of re-offense. Let me make sure I understand something you said at the beginning. This is the special condition issue, so I take it you're conceding that the district court erred? Yes, Your Honor. In imposing the special condition, and I don't know, are you conceding that the district court plainly erred? We're conceding the district court plainly erred by not making the findings that this court has been, you know, just recently reaffirmed in Caraballo. I've got to stop you. Saying that it's plain error is ambiguous, because there are four parts of plain error, and if you concede plain error, we're going to reverse. I assume you're talking about the second step in plain error review. Was the error clear? Am I correct about that? You're right, Your Honor. I thought that that's what Judge Matheson was asking me. I should have been more clear. We do not agree that it affected his substantial rights. So you're going to the step three. That's correct. All right. We're going to be answering your questions later. By the way, it's Judge Matheson. I apologize. And, you know, the reason that we're making that argument about substantial rights is unlike some of this court's recent cases, obviously it wasn't objected to below, and so the court has the ability to consider the entire record, and this record actually has a lot of information in it compared to records in similar cases. You know, in addition to what I had mentioned already, you know, he discusses that he has an issue with frequent masturbation. He thinks about sex too much. He started watching pornography from an extremely young age. He admits in the psychosexual exam that he fantasizes about sex with children, that he consumes both adult and child pornography, and that his preferred type of pornography is age-gap pornography where an older individual is having sex with a much younger individual. And when looking at the types of purposes where it's appropriate to offer this type of prohibition, it's when the defendant's underlying issues involving sex or pornography are so pronounced that it could affect his ability to, you know, do what he needs to do in his life on a regular basis, or when it could be, you know, a gateway that essentially allows him access to the type of material that would further his sexual interest, you know, the illegal sexual interest, which in this case, being able to have adult pornography, but being able to engage in this same type of fantasy that he actually acted upon in this case is the type of thing that this court should find is substantial enough to justify the infringement on his First Amendment rights. Can I ask you a question that is probably terribly unfair? Prongfree, you're admitting that there was an error, that it was an obvious error. We have Francis that says, well, if there's a basis for the condition, that it doesn't satisfy Prongfree. On the other hand, we have no idea if Judge Hill were privy to this briefing saying that both parties have agreed that this was an obvious error and that she should re-evaluate that. We can obviously, if we adopt your position at Prongfree, say, well, even though there was an obvious error, the defendant doesn't satisfy Prongfree. Isn't that a very inequitable result in light of the fact that the parties agree that there was an obvious error? And if there was a joint motion to, say, to remand or for Judge Hill to re-sentence? Just on the supervised release condition, I mean, it is a serious infringement on the First Amendment under all of our case law to prevent someone on supervised release from viewing adult pornography. Why isn't it a more equitable result for the parties to have, before coming here, to have filed a joint motion for re-sentencing on the supervised release condition? That goes to the point of plain error review in the first place. Had the defendant objected, there may have been a more fulsome conversation in the sentencing hearing about what would have been appropriate. Because the defendant didn't do that, this court doesn't have the ability to look into the judge's mind on that particular condition. She did give two reasons that she thought, factually, the condition was appropriate. They weren't to the level of detail that this court clearly requires, especially after Caraballo. But this court is clear that it can review things for plain error, and that's an equitable result in cases generally. And that would apply equally here, as long as the record gives this court enough to show that the condition is constitutional, which, in this case, it does. If the court has no further questions, I would ask that the court affirm, and exceed the rest of my time. Thank you, counsel. Case is submitted. Counsel can be excused.